IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **PHILIP JAMES EMERSON, JR.** | § § § | |
| vs. | § § § | CASE NO. 6:23-cv-453-JCB |
| **JERRY PARKER,** *et al*. | § § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, proceeding *pro se*, filed this lawsuit seeking habeas relief pursuant to 28 U.S.C. § 2241. The matter was referred to the undersigned pursuant to a Standing Order.

After reviewing the petition, the Court entered an Order on December 27, 2023 that identified deficiencies in the petition and ordered Plaintiff to file an amended complaint addressing those deficiencies. The Court warned Plaintiff that failure to comply may result in dismissal of the lawsuit.

Notably, Plaintiff is seeking habeas relief, but he is not in custody or serving a sentence. "For a court to have habeas jurisdiction under section 2241, the prisoner must be 'in custody' at the time he files his petition for the conviction or sentence he wishes to challenge." *Zolicoffer v. U.S. Dept. of Justice*, 315 F.3d 538, 540 (5th Cir. 2003). Section 2241 concerns "restrictions on liberty resulting from a criminal conviction." *Id*. Federal courts lack subject matter jurisdiction to consider a habeas petition if the petitioner is not in custody pursuant to the conviction and

sentence being attacked. 28 U.S.C. § 2241(c); 28 U.S.C. § 2254(a); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989).

To date, Plaintiff has not filed an amended complaint. Instead, Plaintiff filed a response on January 29, 2024 complaining about various court procedures. Plaintiff failed to comply with the Court's order to file an amended complaint. The Order warned Plaintiff that the petition may be dismissed if he failed to comply. The petition should be dismissed for failure to comply with an order of the court pursuant to FED. R. CIV. P. 41(b). Further, Plaintiff has not alleged facts in either his original petition or response establishing habeas jurisdiction pursuant to 28 U.S.C. § 2241. The petition concerns a pending eviction proceeding, not a criminal conviction or sentence, and he is not in custody or serving a sentence.

## RECOMMENDATION

It is recommended that the complaint be dismissed without prejudice for failure to comply with an order of the court and for lack of subject matter jurisdiction. FED. R. CIV. P. 41(b) and 12(b)(1).

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b). Written objections shall not exceed eight pages. Local Rule CV-72(c).

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations, and except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on*

*other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 29th day of January, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE